# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IAN L. LAND,
    an individual,                                   Case No.
        Plaintiff,                                  Hon.

V

CITY OF DETROIT                         **COMPLAINT AND JURY DEMAND**
a municipal corporation,

RYAN RULOFF,
City of Detroit Police Officer,
Individually, and in his Official
Capacities, and

MATTHEW WEBB,
City of Detroit Police Officer,
Individually, and in his Official
Capacities, and

        Defendants

---

Plaintiff, IAN L. LAND, alleges the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391 (b), as the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff, Ian L. Land (hereinafter "PLAINTIFF"), is a resident of the County of Oakland, State of Michigan.

5. Defendant, City of Detroit (hereinafter "hereinafter DEFENDANT DETROIT"), is a municipal corporation located in the County of Wayne, State of Michigan.

6. Defendant, Ryan Ruloff (hereinafter "OFFICER RULOFF"), was at all relevant times a City of Detroit Police Officer and/or employed by DEFENDANT DETROIT, and acting under color of law and within the scope of his employment.

7. Defendant, Matthew Webb (hereinafter "OFFICER WEBB"), was at all relevant times a City of Detroit Police Officer and/or employed by DEFENDANT DETROIT, and acting under color of law and within the scope of his employment.

8. DEFENDANT DETROIT is liable under state and/or federal law for all injuries proximately caused by:

    a. Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges, and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

## FACTS

9. On April 15, 2021, PLAINTIFF drove his 2010 Ford F-150 Pick-up truck (hereinafter "vehicle") into the Marathon Gas Station located at 3344 Puritan Avenue Detroit, MI 48238.*

10. PLAINTIFF parked his vehicle facing north on the west side of the gas station.

11. PLAINTIFF's vehicle was parked and turned off, and the vehicle was occupied by PLAINTIFF's girlfriend and her two children.

12. PLAINTIFF entered the gas station in attempt to withdraw money from the ATM machine located inside of the gas station.

13. PLAINTIFF withdrew money from the ATM machine and the camera located inside of the gas station above the ATM machine had a clear view of PLAINTIFF's body.

14. PLAINTIFF exited the gas station with his left hand in his pant pocket, immediately turned right and proceeded to his vehicle.

*This entire incident was captured on videotape.

15. As PLAINTIFF exited the gas station, OFFICER RULOFF and OFFICER WEBB saw PLAINTIFF leaving the gas station, but the Officers' view of PLAINTIFF was obstructed by a red compact vehicle amongst other obstructions.

16. OFFICER RULOFF and OFFICER WEBB swiftly drove towards PLAINTIFF's vehicle and parked their police vehicle behind PLAINTIFF's vehicle.

17. PLAINTIFF entered his vehicle and was attempting to place his key in the ignition when he noticed the police vehicle behind his vehicle.

18. PLAINTIFF immediately exited his vehicle and stood in the doorway of his vehicle and refused to allow the officers to search his vehicle.

19. OFFICER RULOFF and OFFICER WEBB informed PLAINTIFF that he had a bulge in his right pocket shaped like a gun.

20. PLAINTIFF told OFFICER RULOFF and OFFICER WEBB that he didn't have anything in his right pocket.

21. OFFICER RULOFF and OFFICER WEBB claimed that PLAINTIFF placed the object that was in his right pocket under his driver's seat.

22. OFFICER WEBB grabbed PLAINTIFF's arms and placed PLAINTIFF in handcuffs.

23. OFFICER RULOFF and OFFICER WEBB failed to ask PLAINTIFF his name or if he had a Certified Pistol License since they believed he was carrying a gun.

24. OFFICER WEBB began searching the vehicle under the driver's seat where the officers claimed PLAINTIFF placed the object that they believed was in PLAINTIFF's right pocket.

25. OFFICER WEBB could not find an object under the driver's seat where both officers stated PLAINTIFF placed the object, so OFFICER WEBB began searching others parts of the vehicle including the center console.

26. After searching the entire vehicle for approximately two minutes and thirty-eight seconds, OFFICER WEBB located a properly stored unloaded gun **behind** the driver's seat of the vehicle. The area where the unloaded gun was found was not accessible while sitting in the driver's seat. Therefore, it was not possible for PLAINTIFF to have placed a gun where it was discovered while sitting in the driver's seat.

27. Once OFFICER WEBB located the unloaded gun, OFFICER WEBB signaled to OFFICER RULOFF to get his body camera out of the police SUV.

28. OFFICER RULOFF immediately retrieved OFFICER WEBB's body camera from the police SUV.

29. OFFICER WEBB was not wearing his body camera, which is a violation of the Detroit Police Department's policy.

30. OFFICER WEBB put on his body camera and went to recover the gun from **under** the seat.

31. Upon information and belief, OFFICER WEBB was not wearing his body camera because he wanted to first locate any weapon(s) before putting on his body camera to act as if he immediately located a weapon when viewed on camera.

32. PLAINTIFF was taken to the Detroit Detention Center and processed.

33. While at the Detroit Detention Center, PLAINTIFF overheard another officer ask OFFICER RULOFF and OFFICER WEBB if they were certain that everything was done properly in the arrest of PLAINTIFF because PLAINTIFF's father is an attorney, and PLAINTIFF's father is in the lobby contesting the arrest.

34. According to PLAINTIFF neither OFFICER RULOFF nor OFFICER WEBB answered the question presented to them regarding PLAINTIFF's arrest and according to PLAINTIFF both were visibly concerned.

35. After processing PLAINTIFF, OFFICER RULOFF and OFFICER WEBB went back to the gas station and demanded that the employees of the gas station show them the video footage.

36. OFFICER RULOFF and OFFICER WEBB both viewed the video footage of the incident at the gas station.

37. Despite the video footage clearly showing that PLAINTIFF did not have a bulge in his right pocket and he never reached under the driver's seat to place an object under the seat, OFFICER RULOFF and OFFICER WEBB stated in their reports the following:

> OFFICER RULOFF stated that, "I OBSERVED THE OFFENDERS FRONT RIGHT PANTS POCKET TO BE WEIGHTED DOWN. THE OFFENDER LOOKED IN OUR DIRECTION AND PLACE[D] HIS RIGHT HAND IN HIS POCKET. . . . I OBSERVED THE OFFENDER GET IN TO THE DRIVERS SEAT OF THE VEHICLE AND REACH TOWARDS THE FLOORBOARD OF THE VEHICLE (See Exhibit 1)."

> OFFICER WEBB stated that, "I OBSERVED THE OFFENDERS RIGHT PANTS POCKET TO BE WEIGHTED DOWN. I OBSERVED THE OFFENDER LOOK IN OUR DIRECTION OF MY PATROL VEHICLE AND IMMEDIATELY PLACE HIS RIGHT HAND IN HIS POCKET. . . . THE OFFENDER IMMEDIATELY GOT INSIDE THE DRIVERS SEAT OF THE F150. I OBSERVED THE OFFENDER REACH DOWNWARD TOWARDS THE DRIVERS FLOORBOARD (See Exhibit 2)."

38. On July 16, 2021, PLAINTIFF was charged with Carrying a Concealed Weapon on his person by the Wayne County Prosecutor's Office.

39. Almost a year later on May 12, 2022, a Preliminary Examination was held before the Honorable Larry D. Williams, Jr., in the 36th District Court.

40. Unaware that PLAINTIFF's counsel was in possession of the video footage from the incident, OFFICER WEBB testified to the following false statements at the preliminary exam:

    a. That PLAINTIFF's right pants pocket had a bulge and was extremely weighted down;

    b. That he parked the police vehicle parallel to PLAINTIFF's vehicle and saw PLAINTIFF remove a gun from his right pocket and place it under the driver's seat;

    c. That he was wearing his body camera at all times;

    d. That he immediately recovered the weapon, when in fact it took two minutes and thirty eight seconds;

41. At the Preliminary Examination, PLAINTIFF's case was dismissed for insufficient evidence.

## COUNT I:
## §1983 MUNICIPAL/SUPERVISORY LIABILITY
## (DEFENDANT DETROIT)

42. PLAINTIFF incorporates by reference the above paragraphs.

43. DEFENDANT DETROIT acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to PLAINTIFF.

44. These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise officers regarding proper use of force;

    c. Failing to adequately train and/or supervise officers regarding legal search and/or seizures;

    d. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

    e. Failing to supervise, review, and/or discipline officers whom DEFENDANT DETROIT knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

    f. Failing to require compliance of its officers and/or employees with

established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies.

45. PLAINTIFF's injuries in this case were proximately caused by policies and practices of DEFENDANT DETROIT, which, by its deliberate indifference, allows its police officers to violate the Constitutional rights of citizens without fear or any meaningful investigation or punishment. In this way, DEFENDANT DETROIT violated PLAINTIFF's rights since it created the opportunity for the individually named DEFENDANTS to commit the foregoing Constitutional violations.

46. The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute de facto policy in the DEFENDANT DETROIT police department. This policy was able to exist and thrive because government policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

47. The widespread practices described in preceding paragraphs were allowed to flourish because DEFENDANT DETROIT has declined to implement sufficient hiring, training, and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officers' misconduct.

48. The policies and practices of DEFENDANT DETROIT directly and

proximately led to the injuries PLAINTIFF suffered at the hands of OFFICER RULOFF and OFFICER WEBB.

49. As a direct and proximate result of said Constitutional violations, PLAINTIFF suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present, and future.

## COUNT II:

## §1983 EXCESSIVE FORCE

### (OFFICER RULOFF and OFFICER WEBB)

50. PLAINTIFF incorporates by reference the above paragraphs.

51. As more fully described in the preceding paragraphs, the intentional conduct of OFFICER RULOFF and OFFICER WEBB toward PLAINTIFF was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

52. OFFICER RULOFF and OFFICER WEBB were aware of the misconduct of one another with respect to PLAINTIFF and both officers had a reasonable opportunity to intervene to prevent the misconduct, but both officers failed to do so.

53. As a direct and proximate result of OFFICER RULOFF and OFFICER WEBB's use of excessive force, PLAINTIFF suffered injuries and damages

including but not limited to physical injuries as well as emotional injuries, all past, present and future; as well as loss of enjoyment of life, humiliation and degradation; as described in preceding paragraphs and which will be proven at trial.

## COUNT III:

## FALSE ARREST

### (OFFICER RULOFF and OFFICER WEBB)

54. PLAINTIFF incorporates by reference the above paragraphs.

55. PLAINTIFF was arrested by OFFICER RULOFF and OFFICER WEBB.

56. PLAINTIFF was aware of the arrest and it was against his will.

57. OFFICER RULOFF and OFFICER WEBB intended to arrest PLAINTIFF.

58. PLAINTIFF's arrest was unlawful.

## COUNT IV:

## FALSE IMPRISONMENT

### (OFFICER RULOFF and OFFICER WEBB)

59. PLAINTIFF incorporates by reference the above paragraphs.

60. PLAINTIFF was restrained, detained, and confined by OFFICER RULOFF and OFFICER WEBB thereby depriving him of his personal liberty or freedom of movement.

61. This imprisonment was against PLAINTIFF's will.

62. OFFICER RULOFF and OFFICER WEBB accomplished the imprisonment by handcuffing PLAINTIFF and transporting him to the Detroit Detention Center.

63. OFFICER RULOFF and OFFICER WEBB intended to deprive PLAINTIFF of his personal liberty or freedom of movement.

64. PLAINTIFF's imprisonment was unlawful.

65. That by reason of the wrongful acts of OFFICER RULOFF and OFFICER WEBB, PLAINTIFF was falsely imprisoned.

## COUNT V:

## MALICIOUS PROSECUTION

## (ALL DEFENDANTS)

66. PLAINTIFF incorporates by reference the above paragraphs.

67. DEFENDANTS caused a prosecution against PLAINTIFF.

68. The criminal proceedings were terminated on May 12, 2022 in favor of PLAINTIFF (See Exhibit 3).

69. DEFENDANTS initiated the proceeding without sufficient evidence.

70. DEFENDANTS initiated the proceeding with malice.

71. DEFENDANTS maliciously and intentionally prosecuted PLAINTIFF for a crime he had not committed, and he suffered emotionally and physically for such prosecution.

## COUNT VI:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (OFFICER RULOFF and OFFICER WEBB)

72. PLAINTIFF incorporates by reference the above paragraphs.

73. In the manner described more fully above, OFFICER RULOFF and OFFICER WEBB engaged in extreme and outrageous conduct.

74. By falsely accusing PLAINTIFF of possessing a gun and falsifying an official police report to justify it, OFFICER RULOFF and OFFICER WEBB either intended that their conduct would cause severe emotional distress to PLAINTIFF or knew that there was a high probability that their conduct would cause severe emotional distress to PLAINTIFF.

75. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of PLAINTIFF.

76. As a proximate result of this misconduct by OFFICER RULOFF and OFFICER WEBB, PLAINTIFF suffered injuries including but not limited to severe emotional distress.

## COUNT VII:

## CIVIL CONSPIRACY

### (OFFICER RULOFF and OFFICER WEBB)

77. PLAINTIFF incorporates by reference the above paragraphs.

78. OFFICER RULOFF and OFFICER WEBB knew that PLAINTIFF did not possess a weapon on his person.

79. OFFICER RULOFF and OFFICER WEBB knowingly acted in concert and conspired to falsely arrest, falsely imprison, and maliciously prosecute PLAINTIFF.

80. OFFICER RULOFF and OFFICER WEBB did knowingly cause PLAINTIFF to be falsely arrested, falsely imprisoned, and maliciously prosecuted.

81. OFFICER WEBB furthered this conspiracy by falsely testifying at the Preliminary Exam on May 12, 2022.

82. OFFICER RULOFF and OFFICER WEBB concerted acts and conspiracy damaged PLAINTIFF.

83. The above acts constitute civil conspiracy by OFFICER RULOFF and OFFICER WEBB.

WHEREFORE, PLAINTIFF requests the following relief from DEFENDANTS:

a. Compensatory non-economic and economic damages in excess of $75,000 including but not limited to, all damages recoverable under the United States Constitution and/or 42 U.S.C §1983 and/or the laws of the State of Michigan including;

b. Exemplary/Punitive damages;

c. Reasonable attorney fees, costs, and interest; and,

    d.    Such other and further relief as appears reasonable and just under the circumstances.

Dated: November 4, 2022        /s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com

**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IAN L. LAND,
    an individual,　　　　　　　　　　　　Case No.
        Plaintiff,　　　　　　　　　　　　　　Hon.

V

CITY OF DETROIT
a municipal corporation,

RYAN RULOFF,
City of Detroit Police Officer,
Individually, and in his Official Capacities, and

MATTHEW WEBB,
City of Detroit Police Officer,
Individually, and in his Official Capacities,

        Defendants.
_____/

## DEMAND FOR TRIAL BY JURY

    NOW COMES Plaintiff hereby demands a trial by jury.

Dated: November 4, 2022　　　　　　　/s/Ivan L. Land
　　　　　　　　　　　　　　　　　　Ivan L. Land (P65879)
　　　　　　　　　　　　　　　　　　Law Offices of Ivan L. Land, P.C.
　　　　　　　　　　　　　　　　　　25900 Greenfield Rd., Suite 210
　　　　　　　　　　　　　　　　　　Oak Park, MI  48237-1267
　　　　　　　　　　　　　　　　　　248.968.4545 / (f) 248.968.4540
　　　　　　　　　　　　　　　　　　ill4law@aol.com