UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN LAMAR LAND,

      Plaintiff,   Case No. 22-cv-12672
v.   Hon. Matthew F. Leitman

RYAN RULOFF, *et al.*,

      Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 32)

This action arises out of an interaction between Plaintiff Ian Land and Defendants Ryan Ruloff and Matthew Webb, Detroit police officers, at a gas station in Detroit, Michigan. According to the Defendants, they were patrolling near the gas station when they saw Land walk out of the gas station with a bulge in his pocket, look in the direction of the patrol vehicle, quickly walk to his truck, get into his truck, and reach towards the front floorboard. (*See* Incident Report, ECF No. 23-2, PageID.220, 224.) The Defendants contend that based on their observations, they believed Land was concealing a firearm. (Incident Report, ECF No. 23-2, PageID.220, 224; *see also* Mot. for Summ. J., ECF No. 23, PageID.202.) The Defendants therefore approached Land in their squad car. (Dep. of Officer Matthew Webb at 15:10-11, ECF No. 26-2.) The Defendants handcuffed Land, placed him in

the police car, and proceeded to search his truck. (*See* Incident Report, ECF No. 23-2, PageID.220, 224.) The incident was captured on video.

During the search of Land's truck, the Defendants found a pistol. (*See id.*) The Defendants claim the pistol was under the driver's seat of Land's truck. (*See id.*) Land admits to possessing the pistol but claims that it was in a compartment under the back seat. (*See* Dep. of Plf. Ian Lamar Land at 43:14-44:17, ECF No. 23-3, PageID.269-270.)

The Defendants arrested Land for carrying a concealed weapon without a license in violation of Michigan law. (*See* Incident Report, ECF No. 23-2; Felony Complaint, ECF No. 23-4.) The matter was "dismissed without prejudice" "because of insufficient evidence." (*See* Aff. of Stephanie Carson at ¶ 12, ECF No. 26-2.)

Thereafter, Land filed a Complaint against Ruloff, Webb, and the City of Detroit. (*See* Am. Compl., ECF No. 8.) Land alleged that the Defendants: (1) used excessive force during his arrest in violation of the Fourth Amendment, (2) seized him without probable cause in violation of the Fourth Amendment (the "Seizure Claim"), (3) searched his vehicle without probable cause in violation of the Fourth Amendment (the "Search Claim"), (4) maliciously prosecuted him in violation of the Fourth and Fourteenth Amendments, and (5) conspired to violate his rights. (*See id.*) The parties later stipulated to a dismissal of the City of Detroit. (*See* Stipulated Order, ECF No. 21.)

Ruloff and Webb thereafter filed a motion for summary judgment. (*See* Mot. for Summ. J., ECF No. 23.) In the motion, the Defendants argued, among other things, that they were entitled to judgment as a matter of law because the video evidence of the incident clearly showed, as they claimed, that Land had a suspicious bulge in his pocket and that he attempted to hide something under the front seat of his truck after he exited the gas station. (*See id.*, PageID.210.) On November 26, 2024, the Court held a hearing on the motion.[1]

The Court granted the motion in part and denied it in part. (*See* Order, ECF No. 31.) As relevant here, the Court denied the motion to the extent it sought judgment as a matter of law in favor of the Defendants on the Seizure Claim and the Search Claim. (*See id.*) The Court denied summary judgment on those claims on the basis that there were genuine disputes of material fact as to whether the Defendants had observed Land with a bulge in his pocket and/or reaching under his front seat when he entered his truck, and the Court ruled that those disputes precluded summary judgment. The Court explained the basis of its ruling on the record at the conclusion of the motion hearing.[2] The Court first noted that Land's testimony,

---

[1] At the time of the hearing, the only remaining claims were the Seizure Claim, the Search Claim, and malicious prosecution. (*See* Resp. at ¶¶ 3, 6, ECF No. 26, PageID.358; Order, ECF No. 31, PageID.504.)
[2] The official transcript of that hearing has not yet been prepared.

3

when construed in the light most favorable to him, supported a reasonable inference that there was not a visible bulge in his pocket, as the Defendants claimed. Land testified that the sole contents of his pocket were a couple of dollar bills and a credit card, and a jury could fairly conclude that such unsubstantial items would not cause a bulge. (*See* Land Dep. at 37:3-14, ECF No. 23-3, PageID.263.) The Court determined that the video evidence of the incident relied upon by the Defendants did not so clearly depict a bulge in Land's pocket as to warrant summary judgment in favor of the Defendants. The Court further concluded that the video recording actually cast doubt on the Defendants' additional contention that they saw Land reach forward and under the front seat once he entered his truck. For these reasons and others stated on the record, the Court concluded that material factual disputes precluded the entry of summary judgment in favor of the Defendants on the Seizure Claim and the Search Claim.

The Defendants have now filed a motion for relief from the Court's order denying their motion for summary judgment on the Seizure Claim and the Search Claim. (*See* Mot., ECF No. 32.) In the motion, they argue that a particular portion of the video – that they did not highlight or specifically identify in their motion or at the hearing – unequivocally shows that there was a bulge in two of Land's pockets (the "Newly-Identified Purported Bulge Video"), and they argue that additional

portions of video plainly show Land reaching under his seat after entering his truck. (*See id.* at PageID.508.) The motion is **DENIED** for several reasons.

First, the rule under which the Defendants bring their motion does not apply. The Defendants seek relief under Federal Rule of Civil Procedure 60(b). (*See id.*, PageID.517.) But Rule 60(b) applies only to final judgments and does not cover interlocutory orders like the order denying summary judgment entered by the Court here. *See United States v. Certain Land Situated in City of Detroit, Wayne Cty., Mich.*, 178 F.Supp.2d 792, 799 (E.D. Mich. 2001) ("Hence, [Rule 60(b)] applies only to final judgments or orders.") (emphasis in original); *see also United States ex rel. Streck v. Allergan, Inc.*, 288 F.R.D. 88, 91 (E.D. Pa. 2012) (quoting *Sieg v. Sears Roebuck & Co.*, Case No. 3:10cv606, 2012 WL 1657921, at *2 (M.D. Pa. May 11, 2012)) ("In a case with multiple parties and claims, an order that disposes of fewer than all of those claims and parties is not deemed 'final.'").

But the Defendants' motion would fail even if it had been brought under the correct rule: Local Rule 7.1(h)(2)(A). *See Mata v. Lynch*, 135 S. Ct. 2150, 2156 ("If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change.")  As applicable here, that Rule provides:

> **(2) Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

>   (A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision[.]

E.D. Mich. L.R. 7.1(h)(2)(A).  The Defendants have failed to satisfy this Rule for several reasons.

First, the Defendants have failed to show that the Court erroneously overlooked the Newly-Identified Purported Bulge Video.  The Defendants submitted ten video clips with their motion for summary judgment (*see* Mot. for Summ. J., ECF No. 23), but they did not specifically direct the Court to the Newly-Identified Purported Bulge Video.  Moreover, during the hearing on the Defendants' motion, the Court asked defense counsel to identify the portions of the video clips that supported the Defendants' position, and counsel identified a single portion of a video other than the Newly-Identified Purported Bulge Video.  Specifically, defense counsel pointed to a video of Land leaving the gas station; the Newly-Identified Purported Bulge Video depicts Land in the gas station.  Further, the Court asked defense counsel if there were any other portions of the video that supported the Defendants' position, and defense counsel said there were not.  Under these circumstances, the Court did not err when, during the original summary judgment proceedings, it did not (1) discover the Newly-Identified Purported Bulge Video and (2) interpret the video in the manner now suggested by the Defendants. *See, e.g.*, *Parsons v. FedEx Corp.*, 360 F. App'x 642, 646 (6th Cir. 2010) ("A district court

6

has no 'duty to sift through the record in search of evidence to support a party's [motion for] summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n.7 (5th Cir.1992))); *Markel Ins. Co. v. S.T.C.G., Inc.*, 737 F. Supp. 2d 626, 630 (N.D. Tex. 2010) ("Rule 56, however, 'does not impose on the district court a duty to sift through the record in search of evidence to support' a party's motion for, or opposition to, summary judgment.") (quoting *Skotak*, 953 F.2d at 916 n.7); *Miracle v. Reivous*, Case No. 3:14CV-P690, 2016 WL 2343899, at *3 (W.D. Ky. May 3, 2016).

Second (and more importantly), the Newly-Identified Purported Bulge Video does not eliminate the material factual dispute as to whether Land had a bulge in his pocket. While the overall quality of the video is somewhat clear, the depiction of Land's pockets on the video (to the extent they are separately depicted at all) is not nearly clear enough to conclusively reveal a bulge in either of the pockets. Moreover, the Defendants' interpretation of the video is in tension with their prior recitation of the facts. They previously claimed that the universe of videos in the record depicted a bulge in Land's "front right pants pocket" (singular). (*See* Incident Report, ECF No. 23-2, PageID.220, 224; *see also* Mot. for Summ J., ECF No. 23, PageID.202.) But now, for the first time and after reviewing the very same videos that have been in the record since the time they filed their motion, the Defendants claim that the video depicts two separate bulges – one in each of Land's front

7

pockets. The Defendants' shifting interpretation of the videos and the facts only underscores that the Newly-Identified Purported Bulge Video is not clear enough to negate the material factual disputes previously identified by the Court.

The same is true for the portion of the video the Defendants now claim shows Land in his truck "lean[ing] forward in the direction of the floorboard." (Mot. for Reconsideration, ECF No. 32, PageID.516-517.) The video is not so clear as to show, unequivocally, that Land "reach[ed] towards the floor of the vehicle in a manner consistent with discarding contraband." (*Id.*, PageID.518.)

Because a jury could find that there was no bulge, and/or that Land did not reach towards the floorboard of his truck, disputed questions of fact remain, and summary judgment is improper.

For all of the reasons explained above, the Defendants' motion for relief from the order denying summary judgment as to the Search Claim and the Seizure Claim (*see* ECF No. 32) is **DENIED**.

**IT IS SO ORDERED**.

                                                  s/Matthew F. Leitman
                                                  MATTHEW F. LEITMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 8, 2025


     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 8, 2025, by electronic means and/or ordinary mail.

                                    s/Holly A. Ryan
                                    Case Manager
                                    (313) 234-5126