UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorney for Defendant City of Detroit |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ARGUMENT FROM PLAINTIFF THAT HE SUFFERED LOST INCOME, WAGES, AND/OR EARNING CAPACITY

NOW COME Defendants, Ryan Ruloff and Matthew Webb, by and through counsel, and submit the following Motion in Limine to Preclude Argument from Plaintiff that He Suffered Lost Income, Wages, and/or Earning Capacity.

1

1. This case arises out of Plaintiff's arrest for illegally carrying a concealed weapon. Plaintiff claims he has lost income and job opportunities as a result of his arrest. (*E.g.*, Ex. A, Pl. Init. Disclosures, 3).

2. However, Plaintiff has not produced any reliable documentation of his income. He has not filed tax returns for the past several years. (Ex. B, Pl. Resp. Def. First Disc. Req., Resp. to Req. 2; ECF No. 23-3, PageID.241). He has not otherwise provided any documentation of his income. (Ex. B, *passim*; Ex. C, Pl. Resp. Def. Second Disc Req., *passim*; ECF 23-3, *passim*).

3. Evidence must be relevant under Fed. R. Evid. 401 and not unduly prejudicial under Fed. R. Evid. 403. Additionally, under Fed. R. Evid. 602, a witness may not testify to a matter unless there is evidence sufficient to support a finding that the witness has personal knowledge of the matter.

4. Courts have repeatedly held that evidence that is speculative is inadmissible as irrelevant. *E.g.*, *Woods v. Lecureux*, 110 F.3d 1215, 1222; 46 Fed. R. Evid. Serv. 1111; 1997 Fed.App. 0116P (1997); *Hunters Inter. Mfg. Corp. v. Christiana Metals Corp.*, 561 F.Supp. 614, 617 (E.D. Mich., 1982); *Fera v. Village Plaza, Inc.*, 396 Mich. 639, 242 N.W.2d 372 (1976).

5. Therefore, Plaintiff's claims that he has lost income and lost future earning capacity must be dismissed as irrelevant and based on a lack of foundation.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and preclude argument from Plaintiff that he suffered lost income, lost wages, and/or lost earning capacity.

                                          Respectfully submitted,

                                          /s/ Philip J. Hiltner
                                          Philip J. Hiltner (P77913**)**
                                          Senior Assistant Corporation Counsel
Date: June 13, 2025                  City of Detroit Law Department

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorney for Defendant City of Detroit |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE ARGUMENT FROM PLAINTIFF THAT HE SUFFERED LOST INCOME, WAGES, AND/OR EARNING CAPACITY**

i

## TABLE OF CONTENTS

Table of Contents ....................................................................................................... ii

Table of Authorities ................................................................................................. iii

Issue Presented ......................................................................................................... iv

I.    Background ........................................................................................................1

II.   Argument ...........................................................................................................2

Local Rule 7.2 Compliance Statement ......................................................................6

Index of Exhibits .......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Fera v. Village Plaza, Inc.*, 396 Mich. 639, 242 N.W.2d 372 (1976) ........................ 3

*Hunters Inter. Mfg. Corp. v. Christiana Metals Corp.*, 561 F.Supp. 614 (E.D. Mich., 1982) ........................ 3, 4

*JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519; 2004 Fed.App. 0163P (6th Cir., 2004) ........................ 4

*Woods v. Lecureux*, 110 F.3d 1215; 46 Fed. R. Evid. Serv. 1111; 1997 Fed.App. 0116P (1997) ........................ 2, 3

**Rules**

Fed. R. Evid. 401 ........................ 2

Fed. R. Evid. 403 ........................ 2

Fed. R. Evid. 602 ........................ 2, 4

# ISSUE PRESENTED

1. Should Plaintiff be prohibited from arguing he has suffered lost wage, lost income, and/or lost earning capacity when he has no evidence in support of such claims?

**DEFENDANT ANSWERS "YES"**

## I. BACKGROUND

Plaintiff is claiming, among other things, lost wages as a result of his encounter with Officers Webb and Ruloff. (*See, e.g.*, Ex. A, Pl. Init. Disclosures, 3). There is no evidence in support of this claim. Plaintiff has no tax records demonstrating wage loss; he has not filed income taxes in years. (Ex. B, Pl. Resp. Def. First Disc. Req., Resp. to Req. 2; ECF No. 23-3, PageID.241:3-22). Plaintiff said he worked for his father's law firm, for the Law Offices of Stephanie A. Carson, and Hakim, Toma & Yaldoo. (ECF No. 23-3, PageID.246:18-249:15). Defendants requested records from all three firms. All three responded with "no records" statements. (Ex. D). Plaintiff said he kept a log of his officiating income, plus there was software called Arbiter Sports that kept track of at least some of his officiating income (ECF 23-3, PageID.249:16-251:21). These items were requested and they were not provided. (Ex. C). More generally, Defendants asked Plaintiff for records demonstrating his income for three years before his arrest. Plaintiff said he would provide it "at a later date." (Ex. B). No such records have been produced.

At the time of his arrest, Plaintiff had just begun working as an umpire for the Arizona League as a part of Minor League Baseball. Plaintiff claims he was separated from that job—and denied the opportunity to become a Major League Baseball umpire—because of his arrest by Officers Land and Ruloff. (ECF 23-3, PageID.299:4-300:15). Defendants took the deposition of Dusty Dellinger, the

1

director of umpire development for Minor League Baseball at the time of Plaintiff's arrest. He testified Plaintiff was not fired for his arrest in Detroit. He was not even aware of Plaintiff's arrest. Plaintiff was asked to resign because he was charged with driving under the influence in Maricopa County, Arizona, in May 2021. (Ex. E, Dellinger Dep. Tr., 8:19-10:5). Mr. Dellinger also testified, contra Plaintiff, a "very, very small percentage" of Minor League umpires ever have the chance to umpire for Major League Baseball. (Ex. E, 15:10-20). Finally, Mr. Dellinger, said Minor League Baseball would consider rehiring Plaintiff. (Ex. E, 19:15-20:14). Plaintiff's arrest in Detroit is not a barrier to Plaintiff becoming a Major League Umpire or keeping his job in the Minor Leagues.

## II. ARGUMENT

Evidence that is speculative must be excluded. Fed. R. Evid. 401 requires evidence to be relevant and Fed. R. Evid. 403 prohibits otherwise relevant evidence that is unduly prejudicial. Additionally, under Fed. R. Evid. 602, a witness may not testify to a matter unless there is evidence sufficient to support a finding that the witness has personal knowledge of the matter. When these rules are applied to speculative damages claims, courts hold that exclusion is appropriate.

In *Woods v. Lecureux*, 110 F.3d 1215, 1222; 46 Fed. R. Evid. Serv. 1111; 1997 Fed.App. 0116P (1997), the decedent's sister sought to testify regarding the decedent's future earnings. She planned to testify that the decedent intended to take

up plumbing or another trade upon his release from prison, and she had a chart that estimated the decedent's future wage progression. The Sixth Circuit upheld the trial court's exclusion of this evidence as it was "based on speculation and thus likely to be unfairly prejudicial." *Id*.

In *Hunters Inter. Mfg. Corp. v. Christiana Metals Corp.*, 561 F.Supp. 614, 617 (E.D. Mich., 1982), the plaintiff was a new business which manufactured innovative, steel-shafted arrows. It claimed its business failed because defendants provided defective steel tubing. *Id.* Citing Michigan caselaw, the court acknowledged a new business could introduce evidence of loss of anticipated profits for a new business so long as "the injured party establishes proof of profits to a reasonable degree of certainty." *Id*. at 616 (citing *Fera v. Village Plaza, Inc.*, 396 Mich. 639, 242 N.W.2d 372 (1976)). However, making such a showing is difficult, as it requires offering "thorough and extensive evidence, including the testimony of experts and evidence of the past history and earnings of related businesses in the area." *Id.*

The *Hunters* court stated the plaintiff in that case failed to meet that bar. The plaintiff sought to have its certified public accountant, testifying as a layperson, offer sales projections based on the sales invoices from the plaintiff's prospective buyers. The court held that there was no foundation for the accountant's testimony. There was no showing of the accountant's personal knowledge of the contents of the

3

invoices, the accountant was relying on another witness's speculative statements regarding the number of arrows to the business planned to sell and the prices of those arrows, and the accountant had no demonstrated expertise in forecasting profits for new businesses. Thus, the testimony was appropriately excluded by the court under Fed. R. Evid. 602. *Id*. at 617. The court similarly excluded a report prepared by the defendants speculating about their potential profits from marketing of a stainless steel arrow. The report contained hearsay and double hearsay, and it lacked specificity. The report mentioned the potential marketability of steel arrows generally, but it did not give information that would demonstrate the plaintiffs' profits "with a reasonable degree of certainty." *Id*. (*See also*, *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 526; 2004 Fed.App. 0163P (6th Cir., 2004) (finding an abuse of discretion when lay witness was permitted to testify regarding business's lost profits when the witness had no basis upon which to offer lay opinion testimony about lost profits or loss of business value.).

Plaintiff in the present matter seek to offer purely speculative testimony regarding his loss of income. He has no experts to testify regarding his lost income or lost earning capacity. Presumably he seeks to testify himself regarding his lost income, but his testimony is speculative, unfairly prejudicial, and lacks foundation. He has no evidence regarding his past and current income. He has no evidence that he lost job opportunities. Plaintiff's claim that he lost his job umpiring in Minor

4

League Baseball was disproven by the testimony of Mr. Dellinger. Similarly, Plaintiff's assumption he was destined to by a Major League Umpire was seriously undermined. There is no evidence to give the jury guidance about the amount of Plaintiff's lost income with a reasonable degree of certainty.

Plaintiff should not be permitted to offer unfounded—if not utterly refuted—testimony regarding allegedly lost income. Such testimony would be unfairly prejudicial and lack foundation. Therefore, Defendants ask this Honorable Court to preclude argument from Plaintiff that he suffered lost income, lost wages, and/or lost earning capacity.

                                                Respectfully submitted,

                                                /s/ Philip J. Hiltner
                                                Philip J. Hiltner (P77913)
                                                Senior Assistant Corporation Counsel

Date: June 13, 2025                         City of Detroit Law Department

## LOCAL RULE 7.1 COMPLIANCE STATEMENT

Prior to the filing of this motion, Defendants sought concurrence from Plaintiff's counsel. Concurrence was not obtained.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913**)**
Senior Assistant Corporation Counsel
Date: June 13, 2025  City of Detroit Law Department

# INDEX OF EXHIBITS

Exhibit A   Plaintiff's Initial Disclosures

Exhibit B   Plaintiff's Reponses to Defendants' First Discovery Requests

Exhibit C   Plaintiff's Responses to Defendants' Second Discovery Request

Exhibit D   No Records Statements

Exhibit E   Dellinger Deposition Transcript