UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

          Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

          Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879)<br>Law Offices of Ivan L. Land, P.C.<br>25900 Greenfield Rd., Ste. 210<br>Oak Park, MI 48237-1267<br>(248) 968-4545 | Philip J. Hiltner (P77913)<br>City of Detroit Law Department<br>Attorney for Defendant City of Detroit<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-6390 |

_____/

## **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ARGUMENT FROM PLAINTIFF THAT HE WAS LAWFULLY TRANSPORTING HIS PISTOL**

NOW COME Defendants, Ryan Ruloff and Matthew Webb, by and through counsel, and submit the following Motion in Limine to Preclude Argument from Plaintiff that He Was Lawfully Transporting His Pistol.

1.    This case arises out of Plaintiff's arrest for illegally carrying a concealed weapon. At issue is whether Plaintiff's seizure and the search of his vehicle was lawful. That he was illegally carrying a firearm should not be in dispute.

1

2. MCL 750.227(2) prohibits carrying a pistol in one's vehicle without a license to carry the pistol.

3. Plaintiff admits he did not have a license to carry a concealed weapon. (ECF No. 23-3, PageID.271).

4. MCL 750.231a sets forth exceptions to § 227(2). None of these exceptions were met. Plaintiff was not transporting the pistol in a closed case designed for the storage of firearms and the pistol was readily accessible to the occupants of Plaintiff's vehicle. (ECF No. 32-3, PageID.269-270).

5. Therefore, Plaintiff was unlawfully carrying a concealed weapon, and Plaintiff should not be permitted to argue otherwise.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and preclude argument or suggestion from Plaintiff that he was lawfully transporting his pistol.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                                             Case No.: 22-cv-12672
          Plaintiff,                Hon. Matthew F. Leitman

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

          Defendants.
_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorney for Defendant City of Detroit |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ARGUMENT FROM PLAINTIFF THAT HE WAS LAWFULLY TRANSPORTING HIS PISTOL

# TABLE OF CONTENTS

Table of Contents .................................................................................................. ii

Table of Authorities ............................................................................................. iii

Issue Presented ..................................................................................................... iv

I.    Background ...................................................................................................1

II.    Argument .....................................................................................................1

Local Rule 7.2 Compliance Statement ...................................................................3

# TABLE OF AUTHORITIES

**Cases**

*People v. Emerson*, unpublished opinion of the Michigan Court of Appeals, Docket
  No. 266047, 2007 WL 839444..................................................................................2
*People v. Nimeth*, 236 Mich App 616; 601 NW2d 393 (1999)................................2
*People v. Walker*, unpublished opinion of the Michigan Court of Appeals, Docket
  No. 263859, 2006 WL 3017895 ...............................................................................2

**Statutes**

MCL 750.227 ...................................................................................................................1
MCL 231a .......................................................................................................................1

# ISSUE PRESENTED

1. Should Plaintiff be prohibited from arguing he was lawfully carrying a concealed weapon when he did not have a license to carry a concealed weapon and he was not otherwise lawfully transporting his pistol?

**DEFENDANT ANSWERS "YES"**

# I. BACKGROUND

Plaintiff brings unlawful search and seizure claims against Defendants related the arrest of Plaintiff for carrying a concealed weapon. Officers Webb and Ruloff stopped Plaintiff at a gas station, searched his truck, uncovered a pistol in his truck, and arrested him. By Plaintiff's own admission, he did not have a license to carry a concealed pistol. (ECF No. 23-3, PageID.271). There is some dispute over exactly where the gun was stored in his vehicle. Plaintiff states it was in an unlocked box underneath the rear, driver's side seat where his child was sitting. (ECF No. 23-3, PageID.269-271). Yet, Plaintiff has claimed to this Court the pistol he was carrying was "properly stored" in a "secure compartment." (ECF. No. 26, PageID.365, 372).

# II. ARGUMENT

In the present matter, Plaintiff was unlawfully carrying his pistol. MCL 750.227(2) states, "A person shall not carry a pistol . . . in a vehicle operated or occupied by the person . . . without a license to carry the pistol as provided by law." Plaintiff admits he does not have a license to carry a pistol. (ECF No. 23-3, PageID.271). There are exceptions to § 227(2) set forth in § 231a, but none of them apply. The closest exceptions are in subsection (d) and (e), which allow for a person to "transport[] a pistol for a lawful purpose" provided the pistol is "unloaded in a closed case designed for the storage of firearms" located in the trunk of the vehicle

or, if the vehicle does not have a trunk, in a location "not readily accessible to the occupants of the vehicle." These exceptions do not apply, because the gun was not in a case designed for the storage of firearms and was in a location readily accessible to the occupants of the vehicle. Rather, the gun was in a generic "small[,] light box" under one of the seats. (ECF No. 23-3, PageID.269-271). Thus, Plaintiff's pistol was not in a specialty case for firearms an was readily accessible. (See *People v. Nimeth*, 236 Mich App 616, 621; 601 NW2d 393 (1999) (holding a pistol "lodged under the seat of a motorcycle in a space near the engine" is "readily accessible"); *People v. Walker*, unpublished opinion of the Michigan Court of Appeals, Docket No. 263859, 2006 WL 3017895 (holding a gun in the glove compartment was "readily accessible"); and *People v. Emerson*, unpublished opinion of the Michigan Court of Appeals, Docket No. 266047, 2007 WL 839444 (holding a gun in the front console of a vehicle was "readily accessible")).

Therefore, Defendants ask this Honorable Court to preclude argument or suggestion from Plaintiff that he was lawfully transporting his firearm.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913)
Senior Assistant Corporation Counsel
Date: June 13, 2025                 City of Detroit Law Department

## LOCAL RULE 7.2 COMPLIANCE STATEMENT

Prior to the filing of this motion, Defendants sought concurrence from Plaintiff's counsel. Concurrence was not obtained.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025