UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Ste. 210
Oak Park, MI 48237-1267
(248) 968-4545

Philip J. Hiltner (P77913)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-6390

_____/

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY ABOUT DEFENDANT'S ACTIONS AFTER PLAINTIFF'S ARREST AND ABOUT THE EVIDENCE AND FINDINGS AT PLAINTIFF'S PRELIMINARY EXAM

NOW COME Defendants, Ryan Ruloff and Matthew Webb, by and through counsel, and submit the following Motion in Limine to Preclude Testimony about Defendant's Actions after Plaintiff's Arrest and About the Evidence and Findings at Plaintiff's Preliminary Exam.

1

1. This case arises out of Plaintiff's arrest for illegally carrying a concealed weapon.

2. In Plaintiff's complaint and at Plaintiff's deposition, Plaintiff claimed that after Plaintiff had been arrested, "Officer Ruloff and Officer Webb went back to the gas station and demanded that the employees of the gas station show them the video footage." (ECF No. 8, PageID.72; ECF No. 23-3, PageID.280:3-6). Plaintiff claims he knows this from his girlfriend, Jyzelle Deese, who heard it from "the guys at the gas station." (ECF No. 23-3, PageID.280:7-281:4).

3. Plaintiff's criminal charges for carrying a concealed weapon were dismissed at his preliminary examination. Plaintiff claims his case was dismissed for insufficient evidence. The transcript is unavailable, so testimony from the hearing and the basis for the dismissal are not preserved. (ECF No. 23-5, PageID.350; ECF 23-3, PageID.290:11-291:6).

4. Hearsay is a statement that is made outside of court that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). It is not admissible unless allowed by statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

5. Fed. R. Evid. 602 requires witnesses to have personal knowledge of matters about which they testify.

6. Fed. R. Evid. 403 allows for the exclusion of evidence when its probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, or misleading the jury.

7. Statements about what the officers did after Plaintiff's arrest are based on hearsay and are outside the witnesses' personal knowledge.

8. What occurred at the preliminary exam are based on hearsay. Additionally, statements made about the facts and findings at the preliminary exam hearing will confuse the issues, mislead the jury, and potentially cause unfair prejudice.

9. Therefore, testimony regarding such matters must be precluded.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and preclude testimony about Defendant's actions after Plaintiff's arrest and about the evidence and findings at Plaintiff's preliminary exam.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913**)**
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorney for Defendant City of Detroit |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE HEARSAY TESTIMONY ABOUT DEFENDANT'S ACTIONS AFTER PLAINTIFF'S ARREST AND ABOUT THE EVIDENCE AND FINDINGS AT PLAINTIFF'S PRELIMINARY EXAM**

## TABLE OF CONTENTS

Table of Contents ................................................................................................ ii

Table of Authorities ............................................................................................ iii

Issue Presented .................................................................................................. iv

I. Background ...............................................................................................1

II. Argument ..................................................................................................2

Local Rule 7.1 Compliance Statement ...................................................................4

# TABLE OF AUTHORITIES

Fed. R. Evid. 403 ................................................................................................2

Fed. R. Evid. 602 ................................................................................................2

Fed. R. Evid. 801 ................................................................................................2

Fed. R. Evid. 802 ................................................................................................2

# ISSUE PRESENTED

1.  Should witnesses be precluded from testifying regarding Defendants' actions after Plaintiff's arrest and regarding the evidence and findings at Plaintiff's preliminary examination hearing?

**DEFENDANT ANSWERS "YES"**

# I. BACKGROUND

Plaintiff claims he was subject to an unlawful search and seizure in violation of his rights under the United States Constitution when he was stopped and searched by Officers Ryan Ruloff and Matthew Webb and they found him illegally transporting a firearm in his truck.

In an effort to make it look as though Officers Ruloff and Webb were nervous about something they had done or had something to hide, Plaintiff claims that, after he had been arrested, "Officer Ruloff and Officer Webb went back to the gas station and demanded that the employees of the gas station show them the video footage." (ECF No. 8, PageID.72; ECF No. 23-3, PageID.280:3-6). Plaintiff claims he knows this from his girlfriend, Jyzelle Deese, who heard it from "the guys at the gas station." (ECF No. 23-3, PageID.280:7-281:4). Neither Plaintiff nor Ms. Deese have firsthand knowledge regarding what the officers did after Plaintiff's arrest.

Plaintiff may also attempt to elicit testimony regarding what happened at Plaintiff's preliminary exam in his criminal case. Due to an "electronic disfunction," there is no transcript from the preliminary exam. (ECF No. 23-5, PageID.350; ECF 23-3, PageID.290:11-291:6). All that is known about the preliminary exam is that it was held and that Plaintiff's criminal case was dismissed. The testimony and evidence admitted at the hearing and the Court's findings, if any, have not been preserved.

1

## II. ARGUMENT

Hearsay testimony about what the Officers Ruloff and Webb did after Plaintiff's arrest and testimony about what occurred at Plaintiff's preliminary exam should be excluded at trial.

Hearsay is a statement made outside of court offered for the proof of the matter asserted. Fed. R. Evid. 801(c). It is not admissible unless allowed by statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. Statements from Plaintiff or Ms. Deese about Officers Webb and Ruloff going to the gas station and "demanding" to review its surveillance video are hearsay that do not fall within any exception. Even if the statements were not hearsay, what the officers did it outside the witnesses' personal knowledge, so the testimony is also barred by Fed. R. Evid. 602. Therefore, these statements should be excluded at trial.

Similarly, statements about testimony and findings at the preliminary exam are hearsay. Testimony in the present civil case about what was said by non-party witnesses or by the Court at Plaintiff's preliminary exam are statements outside "the current trial or hearing" and are offered to prove the truth of the matter asserted. Fed. R. Evid. 801. Additionally, testimony about the hearing should be excluded under Fed. R. Evid. 403. The jury in this case is to make its own judgment as to whether the officers had a legal basis for stopping and searching Plaintiff. Offering testimony about what the Court or other witnesses believed or found would confuse the issues,

mislead the jury, and potentially cause unfair prejudice, and such testimony would have little, if any, probative value.

For these reasons, Defendants respectfully request that this Honorable Court enter an order (1) precluding testimony regarding the officer's actions after Plaintiff's arrest that (a) are based on hearsay and/or (b) are otherwise outside the witness's personal knowledge; and (2) precluding testimony about the preliminary examination that (a) are based on hearsay and/or (b) would confuse the issues, mislead the jury, or cause unfair prejudice.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

# LOCAL RULE 7.1 COMPLIANCE STATEMENT

Prior to the filing of this motion, Defendants sought concurrence from Plaintiff's counsel. Concurrence was not obtained.

                              Respectfully submitted,

                              /s/ Philip J. Hiltner
                              Philip J. Hiltner (P77913)
                              Senior Assistant Corporation Counsel
Date: June 13, 2025             City of Detroit Law Department