UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation~~; RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | Sarah V. Domin (P79128) |
| Attorney for Plaintiffs | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorneys for Defendants |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**DEFENDANTS' MOTION IN LIMINE**
**TO EXCLUDE REFERENCE TO NEWSPAPER ARTICLES AND OTHER MEDIA REPORTS OR TELEVISION BROADCASTS REGARDING UNRELATED INCIDENTS INVOLVING ALLEGATIONS OF POLICE MISCONDUCT, THE CONSENT DECREE ENTERED INTO BETWEEN THE CITY OF DETROIT AND THE DEPARTMENT OF JUSTICE, QUARTERLY MONITOR REPORTS OR POLICE/PUBLIC RELATIONS OR PERCEPTIONS, GENERALLY**

NOW COME Defendants, Ryan Ruloff and Matthew Webb, by and through counsel, and submit the following Motion in Limine to Preclude Reference to Past or Subsequent Officer Misconduct, Citizen Complaints, Disciplinary History,

1

Misconduct Investigations, and Administrative, Legislative, or Judicial Hearing Transcripts, Recordings, Findings or Judgments.

1. This case arises out of Plaintiff's arrest for illegally carrying a concealed weapon. Plaintiff has made claims of excessive force, unlawful search and seizure, malicious prosecution, and civil conspiracy against the defendant police officers.

2. Defendants anticipate that Plaintiff may attempt to introduce evidence or testimony regarding news articles or other sources relating to other allegations of police misconduct either on the part of the named officers or the Detroit Police Department.

3. Any such evidence would not be relevant and its prejudicial and inflammatory nature would substantially outweigh any probative value.

4. Defendants move *in limine* to preclude Plaintiff from presenting evidence, argument, or comment from any source whatsoever, regarding news articles or other journalistic publications related to other allegations of police misconduct and/or the named defendant officers.

5. Defendants also move to preclude reference to internal misconduct investigations and findings, civil lawsuits, criminal charges or convictions, judgements, and settlement pay-outs involving the named Defendant, other Detroit Police Officers, and the Detroit Police Department, in general.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and preclude argument from Plaintiff from introducing any media evidence regarding the defendant officers, the Detroit Police Department, or law enforcement in general.

Respectfully submitted,

/s/ Sarah V. Domin
Sarah V. Domin (P79128)
Senior Assistant Corporation Counsel
Date: June 13, 2025                City of Detroit Law Department

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                                                   Case No.: 22-cv-12672
        Plaintiff,                Hon. Matthew F. Leitman

-vs-

~~CITY OF DETROIT, a municipal corporation~~; RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                  Defendants.
_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | Sarah V. Domin (P79128) |
| Attorney for Plaintiffs | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorneys for Defendants |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE REFERENCE TO NEWSPAPER ARTICLES AND OTHER MEDIA REPORTS OR TELEVISION BROADCASTS REGARDING UNRELATED INCIDENTS INVOLVING ALLEGATIONS OF POLICE MISCONDUCT, THE CONSENT DECREE ENTERED INTO BETWEEN THE CITY OF DETROIT AND THE DEPARTMENT OF JUSTICE, QUARTERLY MONITOR REPORTS OR POLICE/PUBLIC RELATIONS OR PERCEPTIONS, GENERALLY**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... ii

Issue Presented ......................................................................................................... iv

LAW AND ANALYSIS ............................................................................................1

# TABLE OF AUTHORITIES

**Cases**

*Blancha v. Raymark Indus*,
   972 F.2d 507 (3rd Cir. 1992)..................................................................................6

*Bradley v. Ferndale*,
   148 Fed. App'x 499 (6th Cir. 2005)........................................................................5

*Green v. Baca*,
   226 F.R.D. 624 (C.D. Cal. 2005)............................................................................2

*Heyne v. Metro Nashville Pub. Sch.*,
   655 F.3d 556 (6th Cir. 2001)..................................................................................5

*In re Columbia Securities Litigation*,
   155 F.R.D. 466 (S.D.N.Y.1994)..............................................................................2

*Larez*,
   supra, 946 F.2d (9th Cir 1991) ...........................................................................2, 3

*Lopez v. City of Cleveland*,
   No. 1:13 CV 1930, 2016 W.L. 6587463 (N.D. Ohio, April 18, 2016) ..................5

*Monell v. New York City Dept. of Social Servs.*,
   436 U.S. 658 (1978) ...............................................................................................5

*Old Chief v. United States*,
   519 U.S. 172 (1997) ...............................................................................................6

*U.S. ex rel. Woods v. Empire Blue Cross and Blue Shield*,
   2002 WL 1905899, n. 1 (S.D.N.Y. April 19, 2002)...............................................2

*United States Football League v. Nat'l Football League*,
   1986 WL 5803 (S.D.N.Y. May 16, 1986)..............................................................3

*United States v. Dennis*,
   625 F.2d 782 (8th Cir. 1980) ..................................................................................6

**Rules**

Fed. R. Evid. 401 ............................................................................................... 1, 2, 5

Fed. R. Evid. 402 ............................................................................................................3

Fed. R. Evid. 403 .................................................................................................. 1, 4, 6

Fed. R. Evid. 801(c) .......................................................................................................2

Fed. R. Evid. 807 ............................................................................................................3

## Issue Presented

1. Should Plaintiff be prohibited from introducing media evidence regarding other unrelated cases or allegations of misconduct involving these individual defendants, the Detroit Police Department, or law enforcement generally?

**DEFENDANTS ANSWER "YES"**

# **LAW AND ANALYSIS**

Defendants speculate that Plaintiff and/or his witnesses may refer to other cases, or news articles/stories about such other cases, involving allegations of wrongful conduct by the Individual Defendants, the Detroit Police Department, or law enforcement generally. Defendants also expect that Plaintiff will try to introduce the City of Detroit's Consent Decree into evidence in this Case. The City of Detroit is no longer a party to this case. The Consent Decree should be excluded from this case because it is not relevant and its admission into evidence would only confuse the issues and mislead the jury.

The Court should exclude all such testimony on several grounds. First, any such evidence would have no relevance to the issues in this case. Every set of facts is unique; what may have happened on a single occasion in another citizen encounter has no relevance to the allegations set forth by Plaintiff. Additionally, pursuant to Fed. R. Evid. 401, evidence is not considered relevant unless (1) it has a tendency to prove or disprove a fact, and (2) that fact is of some consequence in the context of the other facts and the applicable substantive law. Any evidence regarding other cases in which the Individual Defendants, the Detroit Police Department, or law enforcement generally, were accused of any malfeasance would be irrelevant to the facts of this case, and the evidence must be prohibited.

Under Fed. R. Evid. 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Any references to media reports of such other incidents should be prohibited under the evidence rules relating to relevance, reliability and hearsay, including but not limited to Fed. R. Evid. 401, 602, 603, 612, 701, 801-805, and 901. Additionally, any evidence of any other, unrelated incidents would not be probative in this case as there is no claim for municipal liability against the City. The only remaining defendants are Officers Webb and Ruloff, and the sole focus is the incident that occurred on April 15, 2021.

At trial, Plaintiff may reference or attempt to admit into evidence media articles pertaining to other incidents involving allegations of police misconduct. Media articles are generally considered hearsay under Fed. R. Evid. 801(c) because they are offered to prove the truth of the matter asserted.[1] "Even when the actual

---

[1] *Green v. Baca,* 226 F.R.D. 624, 637 (C.D. Cal. 2005). Generally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted. See *U.S. ex rel. Woods v. Empire Blue Cross and Blue Shield,* 2002 WL 1905899, *1, n. 1 (S.D.N.Y. April 19, 2002); *In re Columbia Securities Litigation,* 155 F.R.D. 466, 474 (S.D.N.Y.1994) [holding that press reports were hearsay because they were out-of-court statements offered to prove the truth of the matter asserted). Even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem. See *Larez, supra,* 946 F.2d at 642 (9th Cir 1991) ["As the reporters never testified nor were subjected to cross-

statements quoted in a[n] ... article constitute non-hearsay, or fall within a hearsay exception, their repetition in the newspaper [or other media source] creates a hearsay problem. Thus, statements in [articles] often constitute double hearsay."[2]

In the present case, any media articles Plaintiff may seek to introduce are double hearsay and should be excluded from this trial. Even if Plaintiff were to assert the articles are admissible under the residual hearsay exception found in Rule 807, his argument must fail. Fed. R. Evid. 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

---

examination, their transcriptions of Gates's statements involve a serious hearsay problem"].
[2] *Id.* at 637-38. See also, *United States Football League v. Nat'l Football League,* 1986 WL 5803, *2 (S.D.N.Y. May 16, 1986) (holding that statements of belief by unknown declarants reiterated in a newspaper article constituted hearsay within hearsay).

Fed. R. Evid. 402 provides in relevant part, "[e]vidence which is not relevant is not admissible." Articles about, or discussions concerning, unrelated incidents involving allegations of police misconduct do not establish that Plaintiff's decedent was subjected to a constitutional violation.

Assuming, however, the Court were to find any articles are relevant to this case, they must still be excluded under Fed. R. Evid. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[3] Applying Fed. R. Evid. 403 here, the Court should conclude the articles are more prejudicial than probative because they are inaccurate, inflammatory, and based on innuendo, hearsay and speculation. Moreover, any articles concerning unrelated incidents will confuse the issues, mislead the jury, cause undue delay and waste time because the articles need to be explained and reporters may need to testify about them. Accordingly, this Court should deny Plaintiff's request to introduce into evidence any articles about the underlying incident or prior instances of alleged police misconduct.

---

[3] Fed. R. Evid. 403.

Specifically relating to the City of Detroit's Consent Decree, Plaintiff's only claims are claims against the Defendant Officers. To prevail against any officer, Plaintiff must show that their individual actions amounted to a constitutional violation and that the violation was clearly established at the time of the actions.[4] This should not be confused with municipal liability, wherein Plaintiff would have had to show that the City of Detroit endorsed the existence of an unconstitutional policy or custom caused the alleged constitutional violation.[5] In this case, Plaintiff would be using the Consent Decree as evidence of an alleged unconstitutional policy or custom that led to the alleged constitutional violations. The City denies that it had any unconstitutional policies or customs or that there was even a constitutional violation in this case. Nevertheless, evidence of any of Detroit's policies or customs are irrelevant because the claim against it has been dismissed.[6] Whether there was a Consent Decree in place at the time the Defendant Officers interacted with Plaintiff also is irrelevant because the inquiry is whether their actions amounted to a constitutional violation, not whether the City had entered into a Consent Decree regarding its police policies. The Consent Decree is also irrelevant because it was

---

[4] *Heyne v. Metro Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2001); *Bradley v. Ferndale*, 148 Fed. App'x 499, 507 (6th Cir. 2005).
[5] *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-961 (1978).
[6] *Lopez v. City of Cleveland*, No. 1:13 CV 1930, 2016 W.L. 6587463, at *3 (N.D. Ohio, April 18, 2016).

entered several years before the events giving rise to this litigation. Thus, it should be excluded under Fed. R. Evid. 401 and 402. Furthermore, even relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[7] Unfair prejudice" is defined as an "undue tendency to suggest decision on an improper basis."[8] Confusion of the issue occurs when the admission of the evidence would lead to the litigation of collateral issues.[9] A jury will be misled if the litigation of an issue would distract the jury from the main issues.[10] In this case, allowing the Consent Decree into evidence would not provide any probative value because it does not address the inquiry relevant to the individual defendants. It would confuse and mislead the jury because the proper inquiry is whether any individual defendant violated the constitution, not whether the City had unconstitutional policies or procedures several years prior to the events in issue. The Consent Decree and any evidence relating to it should be excluded.

---

[7] Fed. R. Evid. 403.
[8] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[9] *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980).
[10] *Blancha v. Raymark Indus*, 972 F.2d 507, 516 (3rd Cir. 1992).

Therefore, Defendants respectfully requests that this Honorable Court grant their motion and exclude any reference to any media concerning other unrelated misconduct allegations regarding the Individual Defendants, the Detroit Police Department, or law enforcement in general.

Respectfully submitted,

/s/ Sarah V. Domin
Sarah V. Domin (P79128)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

## LOCAL RULE 7.1 COMPLIANCE STATEMENT

Prior to the filing of this motion, Defendants sought concurrence from Plaintiff's counsel. Concurrence was not obtained.

Respectfully submitted,

/s/ Sarah V. Domin
Sarah V. Domin (P79128)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

## Certificate of Service

I hereby certify that on **June 13, 2025**, I electronically filed the foregoing papers with the Court Clerk using the ECF system, which will send notice to counsel of record.

/s/ *Sarah V. Domin*