UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation~~; RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | Sarah V. Domin (P79128) |
| Attorney for Plaintiffs | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorneys for Defendants |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**M**OTION IN **L**IMINE TO **E**XCLUDE **R**EFERENCE TO **P**AST OR **S**UBSEQUENT **O**FFICER **M**ISCONDUCT, **C**ITIZEN **C**OMPLAINTS, **D**ISCIPLINARY **H**ISTORIES, **M**ISCONDUCT **I**NVESTIGATIONS, AND **A**DMINISTRATIVE, **L**EGISLATIVE, OR **J**UDICIAL **H**EARING **T**RANSCRIPTS OR **R**ECORDINGS, AND **F**INDINGS OR **J**UDGMENTS

    NOW COME Defendants, Ryan Ruloff and Matthew Webb, by and through counsel, and submit the following Motion in Limine to Preclude Reference to Past or Subsequent Officer Misconduct, Citizen Complaints, Disciplinary History, Misconduct Investigations, and Administrative, Legislative, or Judicial Hearing

1

Transcripts, Recordings, Findings or Judgments.

1. This case arises out of Plaintiff's arrest for illegally carrying a concealed weapon. Plaintiff has made claims of excessive force, unlawful search and seizure, malicious prosecution, and civil conspiracy against the defendant police officers.

2. Defendants anticipate that Plaintiff may attempt to introduce evidence or testimony regarding unrelated actions involving the defendant police officers such as disciplinary proceedings, citizen complaints, misconduct investigations, unrelated lawsuits, judicial or administrative findings, or other such unrelated issues.

3. Any such evidence or testimony would constitute inadmissible character evidence in violation of Fed. R. Evid. 404(b) and would also not be relevant as defined by Fed. R. Evid. 401.

4. Defendants hereby move *in limine* to preclude Plaintiff from presenting any exhibit, evidence, argument, or comment from any source whatsoever, regarding: other civil lawsuits; unrelated criminal complaints, charges, or convictions; citizen complaints; investigation requests; declaratory actions entered against any of the Defendant Police Officers by any state or federal court enjoining the Officers from engaging in any conduct, or requiring that they change their conduct, practice, policy, or procedure; any disciplinary investigations and Internal Affairs and/or Professional Standards investigations and actions regarding the Defendant Police

Officers' conduct; any terminations, suspension, removals, lay-offs, reductions in rank, reprimands, disciplines, or warnings concerning any employment activities or conduct whatsoever regarding Defendants Webb or Ruloff, or the Detroit Police Department generally.

    WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and preclude argument from Plaintiff from introducing any evidence of prior or subsequent acts by the Defendants.

Respectfully submitted,

/s/ Sarah V. Domin
Sarah V. Domin (P79128)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                      Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation~~; RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                      Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | Sarah V. Domin (P79128) |
| Attorney for Plaintiffs | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorneys for Defendants |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REFERENCE TO PAST OR SUBSEQUENT OFFICER MISCONDUCT, CITIZEN COMPLAINTS, DISCIPLINARY HISTORIES, MISCONDUCT INVESTIGATIONS, AND ADMINISTRATIVE, LEGISLATIVE, OR JUDICIAL HEARING TRANSCRIPTS OR RECORDINGS, AND FINDINGS OR JUDGMENTS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

Issue Presented .............................................................................................................. iii

LEGAL ARGUMENT ....................................................................................................1

# TABLE OF AUTHORITIES

**Cases**

*Potvin v. City of Westland Police Dep't*,
  2007 WL 1975045 (E.D. Mich. July 2, 2007)......................................................1

**Statutes**

42 USC §1983 ..........................................................................................................1

**Rules**

Fed. R. Evid. 401 ................................................................................................1, 2

FRE 404(a) ..............................................................................................................1

FRE 408 ..................................................................................................................1

FRE 602 ..................................................................................................................1

Rule 404(b) .............................................................................................................2

## Issue Presented

1. Should Plaintiff be prohibited from introducing evidence regarding any prior or subsequent civil, criminal, or disciplinary proceedings or allegations of misconduct by the Defendants?

**DEFENDANTS ANSWER "YES"**

# LEGAL ARGUMENT

Plaintiff has filed this suit alleging a violation of his civil rights seeking redress pursuant to the provisions of 42 USC §1983. Any references to prior or subsequent officer misconduct, disciplinary history, misconduct investigations [including the internal Police Department investigation(s) of the incident alleged in Plaintiff's Complaint], other criminal allegations or proceedings, other civil lawsuit filings, findings, settlements, and pay-outs, and administrative and legislative hearings or findings must be excluded as irrelevant.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1] Such testimony or video evidence would also be unfairly prejudicial, improper character evidence, impermissible evidence of compromise, based on lack of personal knowledge by investigators, and inadmissible hearsay pursuant to FRE 401-403, FRE 404(a), FRE 408, FRE 602, and FRE 802.[2] Furthermore, the proposed video exhibit Plaintiff

---

[1] Fed. R. Evid. 401.
[2] See also, *Potvin v. City of Westland Police Dep't*, 2007 WL 1975045, at *2 (E.D. Mich. July 2, 2007) [Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.... Since there has been no showing that evidence of citizen complaints or prior lawsuits would be relevant "for other purposes," the Court holds that evidence

intends to introduce is taken after the date of the subject incident, and is neither relevant nor admissible. It would not aid in making any fact of consequence more or less probable (FRE 401) and it is impermissible character evidence that Plaintiff intends to use to prove conformity with said character trait (FRE 404(b), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.")

Therefore, Defendants respectfully request that this Honorable Court grant this motion and preclude argument from Plaintiff from introducing any evidence of prior or subsequent acts by the Defendants.

Respectfully submitted,

/s/ Sarah V. Domin
Sarah V. Domin (P79128)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

---

of prior complaints or lawsuits against Defendant is barred by Rule 404(b)].

# LOCAL RULE 7.1 COMPLIANCE STATEMENT

Prior to the filing of this motion, Defendants sought concurrence from Plaintiff's counsel. Concurrence was not obtained.

Respectfully submitted,

/s/ Sarah V. Domin
Sarah V. Domin (P79128)
Senior Assistant Corporation Counsel
City of Detroit Law Department

Date: June 13, 2025

## Certificate of Service

I hereby certify that on **June 13, 2025**, I electronically filed the foregoing papers with the Court Clerk using the ECF system, which will send notice to counsel of record.

/s/ *Sarah V. Domin*