UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

              Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

              Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Ste. 210
Oak Park, MI 48237-1267
(248) 968-4545

Philip J. Hiltner (P77913)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-6390

_____/

## REPLY BRIEF TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ARGUMENT FROM PLAINTIFF THAT HE WAS LAWFULLY TRANSPORTING HIS PISTOL

    Plaintiff begins his response to Defendants' motion by claiming that Defendants are attempting to turn this civil proceeding into a criminal proceeding. In reality, Defendants are attempting to *avoid* turning this civil proceeding into a criminal trial by bringing this motion. Defendants seek to narrow the issues at trial

and void confusion to the jury. Plaintiff was illegally carrying his firearm, so he should be prohibited from arguing otherwise at trial.

Plaintiff's response to Defendant's motion avoids two important clauses in MCL 750.231a. First, the statute requires the pistol be transported in a closed case "designed for the storage of firearms." Plaintiff has not claimed and does not claim that the "small, light box" his gun was in was a case designed for the storage of firearms. Second, § 231a(1)(e) requires that the pistol be in a location that is "not readily accessible to the occupants of the vehicle." Plaintiff alleges that the pistol was under the back seat of his truck (which Defendants contest). Even if that was true, it is not enough that the pistol be out of Plaintiff's reach. The pistol must be out of the reach of all the occupants of the vehicle. Plaintiff was traveling with his girlfriend, seated in the passenger seat, and two children seated in the back of the truck. (ECF No. 23-3, PageID.260:5-19). Thus, the pistol was readily accessible to occupants of the vehicle.

Therefore, Defendants ask this Honorable Court to preclude argument or suggestion from Plaintiff that he was lawfully transporting his firearm.

Respectfully submitted,

/s/ Philip J. Hiltner
Philip J. Hiltner (P77913)
Senior Assistant Corporation Counsel
Date: June 30, 2025                City of Detroit Law Department