UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN L. LAND,

                Plaintiff,

-vs-

~~CITY OF DETROIT, a municipal corporation;~~ RYAN RULOFF, individually and in his official capacity; and MATTHEW WEBB, individually and in his official capacity

                Defendants.

Case No.: 22-cv-12672
Hon. Matthew F. Leitman

_____/

| | |
|---|---|
| Ivan L. Land (P65879) | Philip J. Hiltner (P77913) |
| Law Offices of Ivan L. Land, P.C. | City of Detroit Law Department |
| 25900 Greenfield Rd., Ste. 210 | Attorney for Defendant City of Detroit |
| Oak Park, MI 48237-1267 | 2 Woodward Ave., Ste. 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| | (313) 237-6390 |

_____/

**REPLY BRIEF TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY ABOUT DEFENDANT'S ACTIONS AFTER PLAINTIFF'S ARREST AND ABOUT THE EVIDENCE AND FINDINGS AT PLAINTIFF'S PRELIMINARY EXAM**

    Defendant seeks to exclude statements about the Defendant officers' actions after Plaintiff's arrest and about events that occurred at Plaintiff's preliminary examination. Such statements are prohibited as hearsay, are outside the witness's personal knowledge, are irrelevant, or are otherwise barred by Fed. R. Evid. 403.

i

Plaintiff argues the statements are not hearsay under Fed. R. Evid. 802(d)(2)(A). That exception does not apply, because the statement must be offered "against" the opposing party. Officers Webb and Ruloff acknowledge they did return to the scene of Plaintiff's arrest to ask about available video, though they do not recall whether the video was made available to them. (ECF No. 26-2, PageID.424:21-425:14, 461:19-462:13; ECF No. 50-2, PageID.722-23; ECF No. 50-3, PageID.731-732). There is nothing wrong with them doing this, and this does not help Plaintiff prove his claims. Therefore, these statements are not offered "against" Defendants, and Rule 802(d)(2)(A) does not apply.

Statements about what Officer Webb testified to—or what anyone else stated—at Plaintiff's preliminary examination are also hearsay statements that do not fall under any exception or exclusion to hearsay. What happened at the preliminary examination is also irrelevant to Plaintiff's claims and should be excluded under Rule 403, regardless of whether the transcript from the examination is available or not.

Therefore, Defendants respectfully request that this Honorable Court grant this motion and preclude testimony about Defendant's actions after Plaintiff's arrest and about the evidence and findings at Plaintiff's preliminary exam.

                                                Respectfully submitted,

                                                /s/ Philip J. Hiltner
                                                Philip J. Hiltner (P77913)
                                                Senior Assistant Corporation Counsel
Date:  June 30, 2025                  City of Detroit Law Department